SEAN P. FLYNN (SBN: 220184)
*sflynn@gordonrees.com*
GORDON & REES LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Defendant
CONVERGENT OUTSOURCING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN GODDARD, Plaintiff, vs. CONVERGENT OUTSOURCING, INC., Defendant. | CASE NO.: [Nevada County Superior Court Case No. CL14-080647] **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)** [Filed concurrently with Notice of Lodgment of State Court Pleadings and Civil Case Cover Sheet] Complaint Filed: August 15, 2014 Trial Date: None set |

///

///

///

///

///

///

///

///

///



Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Convergent Outsourcing, Inc. (hereinafter referred to as "Convergent") respectfully submits this Notice of Removal in this civil action from the Superior Court of the State of California for the County of Nevada to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction. Specifically, plaintiff Stan Goddard asserts a claim for damages against Convergent arising out of alleged violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

In support of this Notice of Removal, Convergent, through its counsel, states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Nevada on August 15, 2014, styled *Stan Goddard v. Convergent Outsourcing, Inc.*, Case No. CL14-080647 (the "State Court Action"). See Complaint, attached hereto as Ex. A.

2. The Complaint alleges violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. Complaint, p. 1. The Complaint was served on Convergent on August 29, 2014.

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

3. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

4. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

5. In *Stewart v. Dollar Loan Ctr., LLC.*, 2013 U.S. Dist. LEXIS 71157, 3-4, 2013 WL 2233029 (D. Nev. May 17, 2013), the plaintiff alleged violations of the Fair Debt Collection Practices Act. The court held that removal was proper because the plaintiff had alleged a federal cause of action over which the court had original, federal question jurisdiction. (*Ibid.*)

6. This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges that Convergent falsely represented the character, amount or legal status of Plaintiff's debt; used false representation and deceptive practices in connection with collection of an alleged debt from Plaintiff; used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt; collected an amount from Plaintiff that was not expressly authorized by the agreement creating the debt; collected an amount from Plaintiff that is not permitted by law; and failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g in violation of 15 U.S.C. § 1692 *et seq*. *See* Complaint, ¶¶ 4 – 8, 12. The Complaint also alleges that Convergent is a "debt collector" as defined by the FDCPA. *See* Complaint, ¶ 3.

7. Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Convergent pursuant to 28 U.S.C. § 1441(b).

8. The Complaint also alleges state law claims against Convergent, namely, that Convergent violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. *See* Complaint, ¶¶ 4–11. These allegations are based on the same set of operative facts that form the basis of Plaintiff's federal

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

FDCPA claim, and this Court has supplemental jurisdiction over the state claims asserted in the Complaint pursuant to 28 U.S.C. § 1441(c).

**TIMELINESS OF REMOVAL**

9. As noted above, the Complaint was served on Convergent on August 29, 2014. Convergent's Notice of Removal is timely because Convergent filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**VENUE**

10. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Nevada, which is located within the United States District Court for the Eastern District of California.

**COMPLIANCE WITH REMOVAL PROCEDURES**

11. Convergent has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

12. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

13. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Superior Court of the State of California for the County of Nevada, in Case No. CL14-080647.

14. Copies of all process, pleadings and orders served on Convergent are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

WHEREFORE, for the foregoing reasons, Convergent removes this action from the Superior Court of the State of California for the County of Nevada to the United States District Court for the Eastern District of California and respectfully requests that this Court exercise jurisdiction over this action.

Dated: September 29, 2014

GORDON & REES LLP

By: s/ Sean P. Flynn
Sean P. Flynn
Attorneys for Defendant
CONVERGENT OUTSOURCING, INC.

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

# EXHIBIT A

1403
8/29/14

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
AUG 15 2014
NEVADA COUNTY SUPERIOR COURTS
T. Appleby

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CONVERGENT OUTSOURCING, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STAN GODDARD

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Nevada County
201 Church St.
Nevada City, CA 95959

CASE NUMBER: *(Número del Caso):* CL14-080647

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: *(Fecha)* AUG 15 2014 Clerk, by *(Secretario)* T. Appleby, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
NEVADA COUNTY SUPERIOR COURT
SUPERIOR COURT
COUNTY OF NEVADA STATE OF CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorneys for Plaintiff

FILED
AUG 15 2014
NEVADA COUNTY
SUPERIOR COURTS
T. Appleby

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF NEVADA
LIMITED JURISDICTION

STAN GODDARD,

Plaintiff,

vs.

CONVERGENT OUTSOURCING, INC.,

Defendant.

Case No. CL14-080647

COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Federal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, STAN GODDARD ("PLAINTIFF"), is a natural person residing in Nevada County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, CONVERGENT OUTSOURCING, INC. ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, DEFENDANT attempted to collect an alleged debt from Plaintiff.

5. On or about February, 2014, Plaintiff learned that Defendant had placed an item on his credit report. Plaintiff does not owe any debt and is unsure why Defendant placed the item on his credit report.

6. Plaintiff never received a letter from Defendant regarding the alleged debts. Defendant did not notify Plaintiff of his right to dispute the debt or request verification of the debt.

7. On March 6, 2014, Plaintiff's counsel sent a notice of representation and request for validation of the debt to Defendant. Defendant has failed to respond to that request at this time.

8. DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

e) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)); and

f) Failing to provide Plaintiff with the notices required by 15 USC §1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)).

9. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and DEFENDANT is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

11. To the extent that DEFENDANT'S actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees,
D. For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

12. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 4th day of August, 2014.

By: ______________________
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
TELEPHONE NO.: 877-206-4741 FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, Stan Goddard

FOR COURT USE ONLY

FILED
AUG 15 2014
NEVADA COUNTY SUPERIOR COURTS
T. Appleby

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Nevada
STREET ADDRESS: 201 Church St.
MAILING ADDRESS:
CITY AND ZIP CODE: Nevada City, 95959
BRANCH NAME:

CASE NAME:
Stan Goddard v. Convergent Outsourcing, Inc.

CASE NUMBER: CL14-080647

**CIVIL CASE COVER SHEET**

[ ] Unlimited (Amount demanded exceeds $25,000) [✓] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1\. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [✓] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2\. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

3\. Remedies sought (*check all that apply*): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4\. Number of causes of action (*specify*): 2

5\. This case [ ] is [✓] is not a class action suit.

6\. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: August 4, 2014
Todd M. Friedman
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I the undersigned, certify and declare that I am over the age of 18 years, and am an employee of Gordon & Rees LLP, 2211 Michelson Drive, Suite 400, Irvine, California 92612.

On **SEPTEMBER 29, 2014** and pursuant to FRCP 5(b), I served a true and correct of the foregoing **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)** on the parties below by E-Service via the Court's CM/ECF filing system addressed as follows to:

| | |
|---|---|
| Todd M. Friedman<br>Nicholas J. Bontrager<br>Suren N. Weerasuriya<br>Law Offices of Todd M. Friedman PC<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>(877) 206-4741<br>Fax (866) 633-0228<br>Tfriedman@attorneysforconsumers.com<br>sweerasuriya@attorneysforconsumers.com | *Attorney for Plaintiff* |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2014, at Irvine, California.

Leslie M. Handy